840 F.2d 11
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gary Nathaniel LONG, Petitioner-Appellant,
v.
STATE of Maryland, Respondent-Appellee.
 No. 86-7736.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 13, 1987.
Decided Feb. 17, 1988.
 
 Gary Nathaniel Long, appellant pro se.
 Valerie Valenti Cloutier, Office of Attorney General of Maryland, for appellee.
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Gary N. Long, a Maryland inmate, has petitioned for a rehearing of his appeal from a denial of habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. Because Long has exhausted state remedies with respect to his claim that he received ineffective assistance of counsel on appeal from his conviction, we grant a certificate of probable cause to appeal and grant rehearing as to this claim. After consideration of this claim, we deny relief. We deny rehearing in all other respects.
 
 
 2
 The district court originally dismissed Long's claim of ineffective assistance of counsel on appeal as successive under Habeas Rule 9(b) because it had been raised before in a previous federal habeas petition. We remanded, primarily because at that point Long's petition contained an unexhausted double jeopardy claim. We directed the district court to permit Long to dismiss that claim without prejudice if he wished, so as to allow a decision on his other claims. Long v. Maryland, No. 84-6687 (4th Cir. May 28, 1985) (unpublished). We also advised the district court that, if it was able to reach the merits of Long's ineffective assistance claim, it should allow Long an opportunity to show why the ends of justice would be served if he were permitted to relitigate the claim. Long responded only that he based his claim of ineffective assistance on appeal on the allegation that his attorney "failed to raise the issue concerning the state's use of a surprise witness to the defense." The district court then dismissed the claim as unexhausted because the record did not indicate that this ground had been raised in state court; we agreed. Long v. Maryland, No. 86-7736 (4th Cir. March 24, 1987) (unpublished). Long subsequently filed with this Court documentation showing that he had exhausted the claim in state court after his petition was filed in the district court and the state had given its answer. Because the claim has now been exhausted, we grant rehearing to consider it on the merits.
 
 
 3
 Long's claim concerns the testimony at his trial of a Police Officer Biess (the "surprise witness"), who testified that Long had possessed a gold-colored shotgun prior to the armed robbery for which Long was being tried. Another witness testified that the weapon used in the robbery was a gold-colored shotgun. Long's attorney objected to Biess' testimony, but the trial court admitted it over his objection. Because the admission of Biess' testimony was not raised by his attorney on appeal, Long claims that his attorney was ineffective. However, the Supreme Court has held that an appointed attorney on appeal may select for argument those issues he judges to be most promising, and need not press every non-frivolous issue, even if requested to do so by his client. Jones v. Barnes, 463 U.S. 745 (1983). Therefore, we find that Long's claim is without merit.
 
 
 4
 Accordingly, we remand this claim to the district court so that the district court may modify its judgment to deny the claim on the merits. In all other respects we deny the petition for rehearing and affirm the judgment below, as modified, on the reasoning of the district court.
 
 
 5
 AFFIRMED AS MODIFIED.